# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AURELIA NOEL, ) | |
| MINOR CHILD - TG, ) | |
| KIERRA HUDSON, ) | |
| KECIA TUNSTALL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00222-TWP-TAB |
| ) | |
| LOAN CARE SERVICING, INC., ) | |
| REO ALLEGIANCE, ) | |
| MARSH TRANSFER, INC., ) | |
| PK MANAGEMENT GROUP, ) | |
| MARION COUNTY SHERIFF ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Certain Claims and Directing Further Proceedings**

The plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 2] is **granted**.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

The complaint is deficient in the following respects. First, the plaintiff is purportedly brought by four plaintiffs, but Aurelia Noel is not an attorney and does not have standing to assert the rights of other plaintiffs, and no right to act on their behalf. *O'Bam v. Hawk*, 1994 WL 692969 (N.D. Ind 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988); *Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)). Accordingly, any claim thought to be asserted by the minor child, Kierra Hudson or Kecia Tunstall is dismissed.

Second, no viable federal claims have been identified against defendants REO Allegiance, PK Management Group of the Marion County Sheriff's Department. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Third, the plaintiff suggests that she filed this action because she is unhappy with the rulings made by an Indiana state court. To the extent a final judgment has been entered on the issues raised in the complaint, the plaintiff is notified of the following. This Court has no appellate or other jurisdiction to review judgments issued by a state court. *See Brokaw v. Weaver*, 305 F.3d

660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.*, 263 U.S. 413 (1923)]-[District of Columbia Court of Appeals v.] *Feldman*[, 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the Rooker-Feldman doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted).

The plaintiff shall have **through March 26, 2015,** in which to correct the deficiencies noted above through the filing of an amended complaint. The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

Date: 3/4/2015

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

AURELIA NOEL
11659 HIGH GRASS DRIVE
INDIANAPOLIS, IN 46235