# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AURELIA NOEL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:15-cv-00222-TWP-TAB |
| LOAN CARE SERVICING, INC., REO ALLEGIANCE, MARSH TRANSFER, INC., PK MANAGEMENT GROUP, MARION COUNTY SHERIFF DEPARTMENT, | ) |
| Defendants. | ) |

**Entry Dismissing Amended Complaint and Directing Entry of Final Judgment**

Plaintiff Aurelia Noel filed an amended complaint on March 27, 2015, which is now subject to screening. For the reasons explained below, the amended complaint must be dismissed for lack of jurisdiction.

Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case, *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992). A federal district court has a duty to ensure its jurisdiction over the subject matter of a controversy. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (stating that federal courts are "under an independent obligation to examine their own jurisdiction").

The amended complaint asserts:

> **BRIEFLY** state the background of your case.
> All of the defendants played roles in what has culminated into a miscarriage of justice and wrong doing to Plaintiff/Petitioner. Each has failed to follow orders by other courts +/or used the Court to commit fraud

The amended complaint then lists three claims for relief: 1) failure to answer qualified written requests, 2) violation of the Office of the Comptroller's of Currency no dual track processing rule, and 3) failure to follow orders for writs of discovery in other courts. In support of these claims, the plaintiff writes "please see attached." The attachment apparently referenced is an appeal brief captioned for the Indiana Supreme Court, which reflects that the plaintiff is appealing the judgment of the Marion County Court 3.

The plaintiff was previously notified in the Entry of March 4, 2015, that this Court has no appellate or other jurisdiction to review judgments issued by a state court. *See Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)("Simply put, the *Rooker [v. Fidelity Trust Co.*, 263 U.S. 413 (1923)]-[District of Columbia Court of Appeals v.] *Feldman*[, 460 U.S. 462 (1983),] doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.' Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case.") (internal citations and footnote omitted).

Because the amended complaint effectively seeks review of a state court judgment, this action is dismissed for lack of jurisdiction. The Order to Show Cause issued on April 1, 2015, is **vacated.**

Judgment consistent with this Entry shall now issue.

Date: 4/6/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AURELIA NOEL
11659 HIGH GRASS DRIVE
INDIANAPOLIS, IN 46235